[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12248

Non-Argument Calendar

_____

JEAN DOMINIQUE MORANCY,
Father,
L.M.,
a minor, by and through her father, Jean
Dominique Morancy,

Plaintiffs-Appellants,

*versus*

SABRINA ALEX SALOMON,
GERALD FRANCIS ZNOSKO,
ANGELA LYNN LAMBIASE,
CARLOS A. OTERO,
KEITH FRANKLIN WHITE, et al.,

2                    Opinion of the Court                    23-12248

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-00714-CEM-RMN

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Appellants-Plaintiffs Jean Dominique Morancy and his daughter, L.M., proceeding pro se, appeal the district court's dismissal of their 42 U.S.C. § 1983 claims of racketeering and constitutional rights violations. Appellants argue, *inter alia*, that the district court improperly dismissed their complaint based on the *Younger* abstention doctrine. We REVERSE because the district court failed to properly construe Morancy's "Petition to Add Parties and Supplement/Pleadings" as a motion rather than as an amended complaint.

I.    Background

The facts of this case stem from a child dependency proceeding in Florida's Ninth Judicial Circuit. In addition to the underlying dependency proceedings, Morancy had several pending state court appeals.

23-12248          Opinion of the Court          3

In 2019, Morancy petitioned the Orange County Court regarding timesharing and child support issues involving L.M.'s mother. Throughout his state litigation, Morancy fired his attorney and filed various motions to disqualify judges or transfer the case. Most of these motions related to allegations of fraud and racketeering activities among attorneys and judges working on the case.[1]

On April 10, 2023, while state court proceedings continued, Morancy filed a pro se federal complaint alleging constitutional violations and racketeering against Appellees-Defendants: L.M.'s mother and her attorneys; Morancy's former lawyer and his firm; the state court judges; Florida's Ninth Judicial Circuit Court; Florida's Sixth District Court of Appeal; and Florida's Attorney General. On April 24, 2023, Morancy filed an amended complaint. Both versions of the complaint requested monetary damages as compensation. On May 26, 2023, Morancy filed a "Petition to Add Parties and Supplement/Pleadings." Morancy used the same form complaint document for his "Petition to Add Parties and Supplement/Pleadings" but he left off the section of the form dedicated to relief. All three documents discussed alleged violations of the First, Eighth, and Fourteenth Amendments. Between May 30,

---

[1] For example, Morancy alleged that a judge aided and abetted an attorney to commit perjury "to prevent her from exposing [another judge's] illegal activities." When one judge later suspended Morancy's time-sharing because Morancy would not attend a required parenting class, Mornacy described the judge's reasoning as "pretextual."

2023, and June 21, 2023, the various defendants moved to dismiss the amended complaint entered April 24, 2023.

On June 22, 2023, the assigned magistrate judge issued a report and recommendation (R&R) recommending that the district court refrain from exercising jurisdiction under the *Younger* abstention doctrine and dismiss the complaint. A footnote to the R&R notes that it "assumes the form complaint filed at docket number 33 is the operative complaint." Docket Number 33 is Morancy's Petition to Add Parties and Supplement/Pleadings. Morancy timely objected to the R&R. In that objection, Morancy mentioned that "a stay should be provided in order to resolve the damages claim later" and provided a chart of his requested damages.

The district court adopted the R&R and exercised the *Younger* abstention doctrine to dismiss the case, which is permissible when plaintiffs seek only injunctive relief. The district court order began by stating that the "Cause is before the Court on Plaintiffs' Petition to Add Parties and Supplement/Pleadings (Doc 33), which is an amended complaint." Later, the district court noted that it decided to dismiss rather than stay the action in part because district courts should grant stays "only to claims for monetary damages, not those for declaratory and injunctive relief" and "Plaintiffs' Amended Complaint [Doc. 33] only seeks injunctive relief." After the district court's dismissal, Appellants timely appealed.

## II.        Standard of Review

We review a district court's decision to abstain for abuse of discretion. *See Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902,

23-12248              Opinion of the Court                    5

907 (11th Cir. 2023).  We review a district court's exercise of inherent authority for abuse of discretion.  *See Pedraza v. United Guar. Corp.*, 313 F.3d. 1323, 1328 (11th Cir. 2002).  We will affirm on abuse of discretion review "unless we find that the district court has made a clear error of judgment or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

### III.      Applicable Law

District courts have inherent authority "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).  Nonetheless, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44.  We liberally construe pro se filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Parties may amend their pleadings once as a matter of course.  Fed. R. Civ. P. 15(a).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.*

### IV.      Analysis

Although we recognize the district court's inherent authority to control its docket, *Chambers*, 501 U.S. at 43, we conclude that the district court abused its discretion by treating the Petition to Add Parties and Supplement/Pleadings as the operative complaint, *see Pedraza*, 313 F.3d. at 1328.  Morancy filed his initial complaint and an amended complaint using the standard form provided by the Middle District of Florida.  Both of these form complaints

included a relief section requesting damages.  The district court properly accepted Morancy's first amended complaint as his one amendment as a matter of course.  We do not find Morancy's use of the standard form for his Petition to Add Parties and Supplement/Pleadings as indicative of this being a fully completed seconded amended complaint.  Instead, because he did not include a section for relief or requesting damages, we must liberally construe to determine that Morancy is seeking to add factual allegations and defendants to his case.  And because Morancy had filed an amended complaint, he had to seek leave to file a second amended complaint.  *See* Fed. R. Civ. P. 15(a)(2).  As a result, the district court had to determine explicitly whether or not to grant this motion to amend.  Further support that the district court erred comes from Morancy's objection to the R&R reiterating in a graph under the heading "Clarification" that he was seeking monetary damages.  We do not have to liberally construe that objection to show that Morancy's Petition was meant to be a motion and not a second amended complaint.  Thus, we find that the district court abused its discretion by construing the document as an amended complaint.[2]

---

[2] We make no determination on the underlying question of whether the *Younger* Abstention Doctrine applies to the case.  We leave that question to the district court after it follows the proper procedures for addressing Morancy's Petition to Add Parties and Supplement/Pleadings.

23-12248                    Opinion of the Court                    7

We reverse the district court's dismissal with instructions to treat the Petition to Add Parties Supplement/Pleadings as a motion or grant Morancy leave to file an amended complaint.

**REVERSED AND REMANDED.**